UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TERRANCE BRASHER, | ) |
|             Petitioner, | ) |
| v. | ) Case No. 4:21-cv-00096-TWP-KMB |
| UNITED STATES OF AMERICA, | ) |
|             Respondent. | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION AND
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This matter is now before the Court on Petitioner Terrence Brasher's ("Mr. Brasher") *pro se* Motion to Proceed on Appeal in forma pauperis (Dkt. 15) and Motion for Reconsideration for Certificate of Appealability and Statement of Reasons why Certificate Should be Issued, dated June 20, 2023 (Dkt. 21). For the reasons explained below, the Motions are **denied**.

## I.     DISCUSSION

On May 23, 2023, the Court denied Mr. Brasher motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence (Dkt. 12). In doing so, the Court denied a certificate of appealability, finding that no reasonable jurist would find it debatable whether Mr. Brasher's petition stated a valid claim that he was denied a constitutional right or whether the Court correctly denied his petition. *Id.* at 11. He now asks the Court to reconsider denial of a certificate of appealability and request to proceed on appeal *in forma pauperis*. Because the motion to reconsider was filed within 28 days of the entry of final judgment, that Motion proceeds under Federal Rule of Civil Procedure 59(e).

Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v.*

*Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Mr. Brasher raises four arguments in his motion to reconsider and bases none of them on newly discovered evidence. Accordingly, he is entitled to relief only if he can demonstrate a manifest error. His first and second arguments concern assertions that his trial counsel was constitutionally ineffective. The Court addressed numerous ineffective assistance arguments in denying Mr. Brasher's petition. (*See* Dkt. 12 at 4–8.) Each failed for at least one common reason:

> Brasher has not carried the burden of establishing that he was prejudiced by any act or omission of his trial or appellate attorneys. Indeed, Brasher's § 2255 brief—which was drafted by an attorney—includes no discussion of prejudice at all. Counsel lays out his predecessors' missteps over the span of five pages, then urges the Court—without citing a single fact—to find that none of those missteps were grounded in strategic choices. (Dkt. 2 at 9–15.)

*Id.* at 6. Mr. Brasher's § 2255 motion was replete with perfunctory and undeveloped arguments and despite having access to transcripts of the trial, counsel failed to cite to the record to support his arguments. Perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived. *United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) (internal quotations omitted).

Mr. Brasher's Motion for Reconsideration argues the merits of his various ineffective assistance arguments. It does not address the Court's finding that his petition—presented by counsel—failed to identify any prejudice at all. Without confronting that glaring omission, Mr.

2

Brasher cannot demonstrate that reasonable jurists would consider that this Court erred in finding that the § 2255 petition lacked viable ineffective assistance claims.

Mr. Brasher's third issue is based on an argument that the Court chilled potentially favorable testimony from his nephew through inappropriate conduct. The Court dismissed this argument in the first instance because Mr. Brasher failed to cite any specific passages in the trial transcript to support his argument. (Dkt. 12 at 10.) Mr. Brasher again fails to confront that omission in his Rule 59(e) motion and therefore cannot demonstrate that reasonable jurists would debate the Court's ruling.

Finally, Mr. Brasher raises an allegedly erroneous jury instruction #37. That instruction is in the Seventh Circuit Pattern Jury Instructions and a correct statement of the law. *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, No. 5.11 (2020 Ed.). Pattern instructions are presumed to accurately state the law. *United States v. Freed*, 921 F.3d 716, 721 (7th Cir. 2019) (citing *United States v. Marr*, 760 F.3d 733, 744 (7th Cir. 2014)). The Court considered Mr. Brasher's jury instruction argument but dismissed it because it included no citation to the trial record and did "not state what aspects of the instruction are problematic or why." (Dkt. 12 at 10.) Again, Mr. Brasher fails to confront his attorney's omissions in his Rule 59(e) motion.

In denying Mr. Brasher's § 2255 motion, the Court found that his motion failed to state a viable claim for relief. That was so because the motion did not address dispositive issues or cite critical evidence and the unsupported, conclusory statements to the contrary are insufficient to demonstrate that he was entitled to any relief on this claims. In denying a certificate of appealability, the Court found that no reasonable jurist could debate whether such a threadbare motion was viable. The question before the Court is not whether the legal arguments in Mr. Brasher's Motion for Reconsideration are sound but, rather, whether the Court manifestly erred in

3

denying the motion that his attorney presented in the first place. Mr. Brasher has not confronted the reasons the Court denied that motion, and he therefore cannot demonstrate a manifest error and the request for reconsideration is **denied** as presented.

Mr. Brasher's motion to appeal *in forma pauperis* (Dkt. 15), is also **denied**. Mr. Brasher has failed demonstrate his inability to pay the appellate fees his motion did not include a certified inmate trust account statement as required by 28 U.S.C. § 1915(a)(2).

## II. CONCLUSION

For the reasons explained above, Mr. Brasher's Motion for Reconsideration for Certificate of Appealability and Statement of Reasons why Certificate Should be Issued, Dkt. [21], is **DENIED**. His Motion for Leave to Proceed *in forma pauperis* on Appeal, Dkt. [15], is also **DENIED as presented**. If Mr. Brasher renews his motion, he must demonstrate his inability to pay the appellate fees by filing a certified inmate trust account statement as required by 28 U.S.C. § 1915(a)(2).

**SO ORDERED.**

Date:   8/3/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Terrance Brasher

Robert L Sirianni, Jr
BROWNSTONE, P.A.
robertsirianni@brownstonelaw.com

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov